**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TREMAINE KITCHEN                                            :

    Plaintiff                                            :

    v                                            :        Civil Action No. DKC-05-466

JAMES PEGUESE, *et al.*                                            :

    Defendants                                            :

o0o

## MEMORANDUM

The above-captioned civil rights action was filed on February 16, 2005, alleging that Plaintiff's rights to due process, access to the courts and freedom from cruel and unusual punishment have been violated.  Paper No. 1.  Plaintiff's motion to amend the complaint was granted on May 26, 2005.  Paper Nos. 8 and 11.  Pending is Defendants' Motion to Dismiss or for Summary Judgment and Plaintiff's Response in Opposition. Paper Nos. 17 and 20.  Upon review of the papers filed, this court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons set forth below Defendants' motion, construed as a motion to dismiss, shall be granted.

### Background

Plaintiff claims that his attempts to file administrative remedy procedure requests (ARPs) have been systematically thwarted when they were either deliberately destroyed or improperly dismissed by Defendants in violation of Division of Correction Directives.  He claims that the actions taken with respect to his ARPs: violate his right to due process; impede his ability to pursue legal action; and were taken as part of a conspiracy to cover up corruption within the prison.   Plaintiff also asserts that Defendants are

"messing with" his outgoing mail.  He states that he was put into an unsanitary segregation cell[1] and his requests to have it cleaned and to have the insects exterminated were denied in retaliation for an institutional infraction he was found guilty of committing.   He further claims that the infraction was based on "trumped up charges" and that his family day funds were confiscated by the warden before he was found guilty of the charges.

Plaintiff provides details regarding the infraction in his amended complaint.  He claims that there was a fight in the yard at Maryland House of Correction involving several inmates, three of whom had knives.   During the course of the fight a correctional officer was stabbed.   Officer Greene, Sergeant Brown, and several other officers responded to the fight.   Plaintiff claims that four inmates were immediately escorted out of the yard area and taken either to lock-up or to the medical department for treatment of stab wounds.  Plaintiff was later brought to a room where he was questioned by Captain Grant and Kenny Townes.[2]   He alleges that the process of questioning him was slanderous and endangered his safety because it was implied that Plaintiff had provided information regarding the names of inmates who were involved in the fight.  He further claims that he was charged with possession of a weapon although he was never found to possess a weapon.  Plaintiff asserts that during his adjustment hearing an allegation was made that a weapon was found near him, but that Officer Greene confirmed he never saw a weapon near Plaintiff.   He further claims that Officer Greene testified that he did not see Plaintiff stab anyone, nor did he see Plaintiff run past him with a knife.   Despite this testimony, Plaintiff was found guilty of assaulting another inmate and sentenced to 300 days of punitive segregation.

---

[1] Specifically he describes the cell as "feces smeared, bug infested, [and] bio hazardous."  Paper No. 1 at p. 3.

[2] It is unclear from Plaintiff's pleadings whether Mr. Townes is a correctional officer or another inmate.

With respect to the administrative remedy procedure, Plaintiff further claims that Sergeant Shavella Watkins[3] has a conflict of interest and that Commissioner Sizer as well as Coordinator Carol Jackson have failed to be consistent in enforcing rules and policies.  He also claims that Jackson, Watkins and Warden Peguese have been practicing "cruel and unusual punishment" as well as discrimination against him in retaliation against Plaintiff for filing ARPs.  *Id*.

## Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

### Due Process Claim

In the prison context there are two different types of constitutionally protected liberty interests which may be created by state action.  The first is created when there is a state created entitlement to early release from incarceration. *See Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest

---

[3] Plaintiff alleges that Sergeant Watkins was assigned to investigate and supply a response to many of his ARPs.

in good conduct credits).   The second type of liberty interest is created by the imposition of an "atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*,

515 U. S. 472, 484 (1995).    The Court recently observed:

> After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected,
> state-created liberty interest in avoiding restrictive conditions of confinement is not the
> language of regulations regarding those conditions but the nature of those conditions
> themselves "in relation to the ordinary incidents of prison life." [quoting *Sandin*]

*Wilkinson v. Austin*, 125 S.Ct. 2384, 2394 (2005).   Although the courts of appeal have not reached

consistent conclusions about the baseline for making that determination, the Court found in *Wilkinson* that

the threshold had clearly been crossed.  In contrast, in *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir.

1997), this standard was applied to allegations concerning confinement to administrative segregation for

six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were

flooded with water from a leak in the toilet on the floor above."  The court held that those conditions did

not implicate a liberty interest in avoiding administrative segregation because they did not represent a

significant hardship. *Id*.

Plaintiff claims that his due process rights have been abridged: by the conditions under which he

was confined in segregation; through confiscation of family day funds; through the denial of access to the

ARP system; and through wrongful conviction of an institutional infraction.  Papers No. 1 and 20.  His claim

with respect to the conditions of his cell must fail because he  has provided no evidence that he was harmed

in any way by the conditions described.  *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993); *De'Lonta

v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).   Plaintiff's claim regarding confiscation of family day

funds is vague and presents no basis upon which to base even a suspicion that his due process rights were

violated.  To the extent that the allegation is an attempt to claim that his property was confiscated without

benefit of due process, the claim is without merit.   Where the allegation involves wrongful deprivation of

property by prison officials, the Due Process Clause requires only the availability of an adequate post-

deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds*

*by Daniels v. Williams*, 474 U. S. 327 (1986).   Maryland's Tort Claims Act provides such a remedy.

*See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).

Plaintiff's claim that the violation of Division of Correction Directives regarding the administrative

remedy procedure has deprived him of due process does not entitle him to relief under the facts alleged.

While the long- standing rule has been that prisoners have no constitutional right to participate in an

institutional grievance procedure, *see Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994), with the passage

of the Prison Litigation Reform Act,  42 U.S.C. § 1997e(a), the issue is less clear.  The Act requires

exhaustion of administrative remedies before an action concerning prison conditions may be filed by a

prisoner.  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase

"prison conditions" encompasses "all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong."

*Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further clarification regarding exhaustion as a pleading

requirement was announced by the Fourth Circuit in *Anderson v. XYZ Correctional Health Services,*

*Inc.*, 407 F. 3d 674 (4th Cir. 2005).  The court held that, "an inmate's failure to exhaust his administrative

remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by

the defendant." *Id*. at  681.  To the extent that a prisoner's attempts to exhaust the administrative remedy

process are thwarted by prison officials' misconduct, that evidence may be presented in response to the

affirmative defense.  *Id*. at 682. Thus, an  inability to access the administrative remedy procedure based

on an alleged refusal by prison officials to enforce the rules governing the process likely does not run afoul

of the due process clause.

Plaintiff's claim that he was convicted of an institutional infraction based on "trumped up charges"

fails to state a claim, because there is no indication that Plaintiff lost any good conduct credits as a result

of the institutional adjustment proceeding.[4]  *See Wolff v. McDonnell*, 418 U.S. 539, 571-72 n.19 (1974)

("We do not suggest, however, that the procedures required by today's decision for the deprivation of good

time would also be required for the imposition of lesser penalties such as the loss of privileges."). Nor is

there any indication that Plaintiff was subjected to an "atypical and significant hardship . . . in relation to

the ordinary incidents of prison life." *Sandin v. Conner*, 515 at 484.  The allegation regarding Officer

Greene's seemingly exculpatory testimony does not state a constitutional claim where there also exists

"some evidence" to support the guilty finding. *See Superintendant v. Hill*, 472 U.S. 445, (1985). This

court generally will not review the accuracy of findings of fact by an adjustment hearing officer. *See Kelly

v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Such findings will be disturbed only when

unsupported by any evidence, or wholly arbitrary and capricious. *See Smith v. Rabalais*, 659 F.2d 539,

545 (5th Cir. 1981).  There has been no allegation that Officer Greene's testimony was the sole basis for

the adjustment hearing officer's decision.  Accordingly, the claim must be dismissed.

---

[4] Plaintiff claims only that he was sentenced to serve 300 days of segregation and lost visiting privileges for six months.  Paper No. 8 at Ex. C, p. 8.

Access to Courts Claim

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996).  "The requirement that an inmate alleging a violation of *Bounds* [*v. Smith*, 430 U.S.  817 (1977)] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S.343, 349 (1996).

Plaintiff alleges that he has been prevented from filing unspecified actions in court because his ARPs are not given a timely response or are destroyed before they are filed.  As noted earlier, exhaustion of administrative remedies is not a pleading requirement.  *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005).  To the extent that failure to exhaust administrative remedies could be raised as an affirmative defense with respect to the claims asserted by Plaintiff in the ARPs he alleges were destroyed, Plaintiff would be permitted to respond and show that he had, in fact, attempted to exhaust the claims.  Thus, his allegations concerning the ARP process do not state an cognizable constitutional claim.  Plaintiff has not shown that he suffered an injury.  He has also failed to allege that he  missed a crucial filing deadline in a pending case due to the actions of Defendants with respect to his ARPs.  Absent an allegation of actual injury, Plaintiff's claim that he has been denied access to courts must be dismissed.

Retaliation Claim

In order to prevail on a claim of retaliation,  Plaintiff  "must allege either that the retaliatory act was

taken in response to the exercise of a constitutionally protected right or that the act itself violated such a

right." *Adams*, 40 F.3d at 75.  "'A complaint which alleges retaliation in wholly conclusory terms may

safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987), (quoting

*Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D.

N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).  Because the allegation of

retaliation in the instant case is conclusory, it is subject to dismissal.  The dismissal of Plaintiff's ARPs is

not, by itself, evidence that Defendants were retaliating against him for his efforts to litigate claims on behalf

of himself or other inmates. The ARPs filed by Plaintiff are long, rambling complaints, the points of which

are difficult to discern. Most of the ARPs submitted as exhibits by Plaintiff contain no indication as to when

or if they were filed.  Dismissal of an ARP as untimely is ordinarily a legitimate, non-retaliatory rationale.

Dismissal of Plaintiff's ARP concerning his adjustment conviction was based upon the fact that adjustment

issues must be initially filed with the Inmate Grievance Office.  To the extent that Plaintiff was seeking

monetary damages for his wrongful adjustment conviction, the adjustment conviction had not been properly

challenged and monetary damages could not be properly addressed without first addressing the conviction

itself.

Accordingly, the Motion to Dismiss shall be granted by separate Order which follows.  Plaintiff is

advised that dismissal of a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) is a dismissal for failure to state

a claim upon which relief may granted and is included under the restrictions set forth in 28 U.S.C.

§1915(g).  Under that statute, a prisoner litigant will not be granted *in forma pauperis* status if he has "on

3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." The instant case is the first case filed by Plaintiff in this Court that has been dismissed for failure

to state a claim.


____11/23/05_____                    _____/s/_____
Date                                      DEBORAH K. CHASANOW
                                          United States District Judge

G:\ProSeCases\05-466 dkcedit.wpd